IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

SUNTRUST MORTGAGE, INC., )
)
Plaintiff, )
)
v. ) Civil Action No. 3:11CV576–HEH
)
SHARPE MORTGAGE LENDING )
    SERVICES OF GEORGIA, INC., )
)
Defendant. )

## MEMORANDUM OPINION
(Denying Defendant's Motion to Dismiss)

This breach of contract action is presently before the Court on Defendant Sharpe Mortgage Lending Services of Georgia, Inc.'s ("Sharpe" or "Defendant") Motion to Dismiss. The Court will dispense with oral argument because it would not materially aid in the decisional process. For the reasons set forth herein, the Motion will be denied.

## I. BACKGROUND

As required by Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court assumes Plaintiff's well-pleaded allegations to be true, and views all facts in the light most favorable to Plaintiff. *See Mylan Labs, Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993). Plaintiff's Complaint contains the following factual allegations.

On March 1, 2006, Defendant Sharpe and Plaintiff SunTrust Mortgage, Inc. ("SunTrust" or "Plaintiff") entered into a Mortgage Broker Agreement (the "Agreement"). (Pl.'s Compl. ¶ 7). The central terms of the Agreement were as follows: (1) Sharpe would originate, process, and broker mortgage loans to SunTrust, and SunTrust would close and

fund the loans in its own name; (2) Sharpe would indemnify SunTrust against "any and all claims, losses, damages, fines, penalties, forfeitures, attorney's fees, judgments and any costs, court costs, fees and expenses" arising from the breach of any representation, warranty, or obligation contained in the Agreement, or for any materially inaccurate or misleading information provided to SunTrust by or through Sharpe; and (3) upon the occurrence of certain specified "Events of Default"—including an uncured breach of warranty, the discovery of incomplete or inaccurate information in a loan application or package, or failure to comply with the Agreement's terms—SunTrust could demand that Sharpe repurchase the loan in question. (*Id.* at ¶¶ 7-8, 10.) Sharpe warranted, *inter alia*, that all of the information contained in its loan applications and packages would be complete and accurate, and that each loan would constitute an "acceptable investment." (*Id.* at ¶ 9.) SunTrust claims that Sharpe violated its contractual obligations as to nine individual loans. (*Id.* at ¶ 18-74).

SunTrust allegedly sold each mortgage loan on the secondary market. (*Id.* at ¶ 12). In its sale agreements with secondary purchasers, including Fannie Mae, Freddie Mac, and Chase Home Finance, LLC, SunTrust assumed indemnification and repurchase obligations subject to certain conditions. (*Id.* at ¶ 13). SunTrust claims that undisclosed defects in the original applications processed by Sharpe for the nine loans in question triggered SunTrust's indemnification and/or repurchase obligations to secondary purchasers. (*Id.* at ¶ 14). For example, Fannie Mae demanded that SunTrust repurchase the first position "Omowa 8400 loan" based on its determination that the initial loan application failed to disclose one or

2

more mortgages in the borrower's name.[1] (*Id.* at ¶ 21.) In addition to bearing these secondary purchasers' losses, SunTrust also incurred losses in some instances as the holder of the second position loans. (*Id.* at ¶¶ 22, 28, 34, 40, 46, 52, 67.)

On September 2, 2011, SunTrust filed a three-count Complaint with this Court. Count One asserts a breach of the parties' indemnification arrangement. The Complaint alleges that defects in the underlying loans and loan applications "required [SunTrust] to either repurchase loans or indemnify secondary investors for their losses," and that, despite SunTrust's demands, Sharpe has not complied with its resulting duty to fulfill similar such obligations to SunTrust. (*Id.* at ¶¶ 14-15.)

In Count Two, SunTrust claims that Sharpe breached various express warranties set forth in the parties' Agreement. Specifically, SunTrust alleges that Sharpe (1) brokered loans with excessive seller contributions in violation of the eligibility warranty contained in Paragraph 9.1 of the Agreement; (2) provided inaccurate documentation in violation of the warranty contained in Paragraph 9.5; and (3) sold loans not constituting "acceptable investments" in violation of the warranty contained in Paragraph 9.6. Additionally, SunTrust alleges that Sharpe "created an Event of Default" under Paragraph 12.3 of the Agreement by providing materially false, incomplete, or misleading information in its loan applications and packages. SunTrust seeks damages in the amount of $1,248,207.55, plus fees and costs.

---

[1] For each of the nine loans at issue in this matter, the Complaint describes the alleged defects, SunTrust's corresponding duty to indemnify and/or repurchase the respective loan from the secondary purchaser, and SunTrust's demands upon Sharpe to fulfill its own indemnification and/or loan-repurchase obligations.

3

Count Three seeks to compel specific performance of Sharpe's loan repurchase obligations pursuant to Paragraph 13 of the Agreement. SunTrust contends that under Paragraph 13, Sharpe agreed, upon the occurrence of an "Event of Default," to pay SunTrust the unpaid principal balance of the mortgage, plus any broker fees paid by SunTrust to Sharpe in connection with the loan, as well as all accrued interest through the date of repurchase, and reimbursement for any fees and expenses incurred by SunTrust as a result of the repurchase.

On October 25, 2011, Sharpe filed the present Motion to Dismiss pursuant Rule 12(b)(6). The matter is now ripe for disposition.

## II. STANDARD OF REVIEW

Rule 8 of the Federal Rules of Civil Procedure provides that "[a] pleading that states a claim for relief must contain ... a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint.... [I]t does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992).

To survive dismissal under Rule 12(b)(6), a complaint must contain sufficient factual information to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Mere labels and conclusions declaring that the plaintiff is entitled to relief are not enough. *Id.* at 555. Thus, "naked assertions of wrongdoing necessitate some factual enhancement within the complaint to cross the line

between possibility and plausibility of entitlement to relief." *Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) (internal quotation marks omitted).

A complaint achieves facial plausibility when it contains factual allegations sufficient to support a reasonable inference that the defendant is liable for the misconduct alleged. *Twombly*, 550 U.S. at 556; *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). This analysis is context-specific and requires "the reviewing court to draw on its judicial experience and common sense." *Francis*, 588 F.3d at 193. The court must assume plaintiff's well-pleaded factual allegations to be true and determine whether they "plausibly give rise to an entitlement to relief." *Iqbal*, 129 S. Ct. at 1950.

Generally, the district court does not consider extrinsic materials when evaluating a complaint under Rule 12(b)(6). The court may, however, consider "documents incorporated into the complaint by reference." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).

### III. ANALYSIS

#### A.

Under Virginia law, a plaintiff asserting a claim for breach of contract must allege facts showing "(1) a legally enforceable obligation, (2) the defendant's material breach of that obligation, and (3) damage to the plaintiff caused by the breach of that obligation." *Vienna Metro LLC v. Pulte Home Corp.*, 786 F. Supp. 2d 1076, 1086 (E.D. Va. 2011) (citing *Filak v. George*, 594 S.E.2d 610, 614 (Va. 2004)). In its Motion to Dismiss, Sharpe does not challenge the validity of the parties' Agreement. (Def.'s Mem. Supp. 2.) Nor does Sharpe argue that SunTrust did not adequately allege damages. (*Id.* at 3.) Rather, Sharpe

5

argues that SunTrust failed to allege "fundamental facts to support its allegations" that Sharpe materially breached the obligations set forth in the Agreement. (*Id.* at 5.)

Specifically, Sharpe argues that the Complaint fails "to actually provide the facts and circumstances specific to each loan or to state what SunTrust contends was wrong with the respective loan applications." (*Id.* at 6.) Sharpe further characterizes as improperly "generic" SunTrust's allegation that numerous loan applications "failed to disclose one or more mortgages in the name of the borrower." (*Id.*) "Without basic facts specific to each of the loans in question," Sharpe argues that the Complaint fails the pleading standards of Rule 8(a) set out in *Twombly*.[2] The Court disagrees.

Insofar as Sharpe would have this Court dismiss SunTrust's Complaint for failure to supports its claims with painstaking detail, its argument is misguided. A complaint need not contain every exhaustive detail pertaining to a plaintiff's claims. Indeed, Rule 8 requires merely "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). As the Fourth Circuit has made clear, a complaint passes Rule 12(b)(6) muster so long as its "factual allegations ... produce an inference of liability strong enough to nudge the plaintiff's claims 'across the line from conceivable to

---

[2] Sharpe also contends that SunTrust's Complaint is legally insufficient because it does not specify the dates of Sharpe's alleged breaches of the Agreement—that is, the precise dates on which Sharpe rejected SunTrust's indemnification and repurchase demands. Sharpe claims that such detailed information "is essential to Sharpe's ability to assess the claims against it, including the possibility of a statute of limitations defense." (Def.'s Mem. Supp. at 8.) Defendant's argument is misplaced. Rule 12(b)(6) merely requires a Plaintiff to allege facts that plausibly support his claims for relief; a Plaintiff need not "plead affirmatively in his complaint matters that might be responsive to affirmative defenses even before the affirmative defenses are raised." *Goodman v. Praxair*, 494 F.3d 458, 464 (4th Cir. 2007) (holding that "no such pleading is required except, perhaps, in the unusual case where a claim is filed *clearly* beyond the applicable limitations period and the plaintiff seeks to forestall its dismissal..."). Should information uncovered during discovery indicate that SunTrust's claims are time-barred, Sharpe may assert a statute of limitations defense at the summary judgment stage.

plausible.'" *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F. 3d 250, 256 (4th Cir. 2009) (quoting *Iqbal*, 129 S. Ct. at 1952). In this case, SunTrust has asserted facts sufficient to provide the "nudge" necessary to avoid dismissal.

In its Complaint, SunTrust directly cites numerous provisions of the parties' Agreement, and alleges facts which, if proven, allow a reasonable inference that Sharpe acted (or failed to act) in contravention of its obligations therein. For example, SunTrust cites Paragraph Fifteen of the Agreement as requiring Sharpe to indemnify SunTrust "from and against any and all claims, losses, [and] damages ... resulting from (a) a breach by [Sharpe] of any representation, warranty ... or obligation ... pursuant to this Agreement." (Pl.'s Compl. Ex. 1, ¶ 15.) Paragraph Fifteen also requires Sharpe to indemnify SunTrust for losses resulting from "any materially inaccurate, incomplete, false, or misleading information provided by or through [Sharpe] to [SunTrust]." (*Id.*)

SunTrust claims that seven of the loan applications originated by Sharpe "fail[ed] to disclose one or more mortgages in the name of the borrower" (Pl.'s Compl. at ¶¶ 21, 27, 33, 39, 51, 66, and 72); that one application "contain[ed] a faulty appraisal" (*id.* at ¶ 39); that one loan application "contain[ed] excessive seller contributions in violation of the loan program guidelines" (*id.* at ¶ 45); that another "misstated the borrower's assets, and ... the original opinion of market value was not supported by data" (*id.* at ¶ 57); and finally, that one of the loan applications "overstat[ed] the income of the borrower" (*id.* at ¶ 72). Construing the Complaint in SunTrust's favor, these allegations adequately substantiate SunTrust's claim that Sharpe breached the warranties established in the Agreement. Under the Agreement, a breach of warranty triggers Sharpe's obligation to indemnify SunTrust for

resulting losses or to repurchase the defective loan. Accordingly, SunTrust's allegation that Sharpe refused its demands for indemnification or repurchases constitutes a plausible breach of contract claim.

Contrary to Sharpe's contention, SunTrust's Complaint does not rely solely on conclusory allegations or a "formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555. Although the Complaint "could certainly be more precise," *Old Republic Ins. Co. v. Spring Menders, Inc.*, No. 2:11-cv-69, 2011 WL 2838179, at *6 (E.D. Va. July 14, 2011), SunTrust provides sufficiently particularized allegations which, taken as true, allow a plausible inference of liability. *See Twombly*, 550 U.S. at 556 ("Asking for plausible grounds ... simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of [a breach]."). In short, the meticulous specificity that Sharpe would have this Court require of SunTrust is simply not necessary at this stage of litigation. *See Hodgson v. Va. Baptist Hosp., Inc.*, 482 F.2d 821, 824 (4th Cir. 1973) ("[W]hen the complaint conforms to Rule 8(a) and is neither so vague nor so ambiguous that the defendant cannot reasonably be required to answer ... discovery provides adequate means for ascertaining the facts ... in maturing the case for trial.").

## B.

Sharpe also contends that the availability of an adequate remedy at law—namely, money damages—precludes SunTrust's equitable claim for specific performance. As Sharpe points out, SunTrust seeks an order compelling the performance of Sharpe's repurchase obligations *in addition to* damages for SunTrust's losses as a result of its indemnification obligations to secondary purchasers. But because "a loan seller's failure to

repurchase non-conforming loans upon demand as required by a contract is an independent breach of contract," *LaSalle Bank Nat. Ass'n v. Lehman Bros. Hldgs., Inc.* 237 F.Supp. 618, 638 (D. Md. 2002), SunTrust may well be entitled to relief on *both* its indemnification-of-losses claim and its related failure-to-repurchase claim.[3] *See Hitachi Credit Am.Corp. v. Signet*, 166 F.3d 614, 626 (4th Cir. 1999) (holding that, under Virginia law, a loan repurchase agreement may be "a contract independent of" a simultaneously-executed loan assignment agreement, subject to "the intent of the parties"). Contrary to Sharpe's contention, therefore, SunTrust's claim for specific performance of Sharpe's repurchase obligations is not "superfluous." (Def.'s Mem. Supp. at 10.) Accordingly, it will not be dismissed at this time.

## IV. CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss will be denied. An appropriate Order will accompany this Memorandum Opinion.

/s/
Henry E. Hudson
United States District Judge

Date: Dec 12, 2011
Richmond, VA

---

[3] Further, the performance that SunTrust seeks is, in effect, the payment of money. (*See* Pl.'s Compl. at ¶ 11 (explaining the calculation of the repurchase price under Paragraph 13 of the Agreement).) As some courts have noted, an order compelling the performance of an obligation to pay money is, at bottom, a legal remedy. *See, e.g., Calkins v. Pacel Corp.*, No. 3:07-CV-25, 2007 WL 23016, at *3 (W.D. Va. August 7, 2007) ("Plaintiff seeks specific performance of his contract. However, specific performance will come, if at all, in the form of money. That is, Plaintiff seeks nothing more than a money judgment. This is the very definition of a remedy 'at law.'").